AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

─── OFFENSE CHARGED ───

See attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See attached.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED

─── DEFENDANT - U.S ───

▶ DIONTE HOUFF

JUN 18 2015

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DISTRICT COURT NUMBER
CR 12-00574-1 PJH

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPL. (ATF)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

4-12-70778 MAG

Name and Office of Person
Furnishing Information on this form       MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)       BRIGID S. MARTIN

─── DEFENDANT ───

IS *NOT* IN CUSTODY
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☒ On this charge

5) ☐ On another conviction
  } ☒ Federal ☐ State

6) ☐ Awaiting trial on other charges
  If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes"
been filed?  ☐ No    } give date filed

DATE OF
ARREST       Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED       Month/Day/Year
TO U.S. CUSTODY ▶

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT       Bail Amount: NA

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:              Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT – DIONTE HOUFF
### (a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay")

Count One:   Racketeering Conspiracy (18 U.S.C. § 1962(d))
      Maximum term of life imprisonment
      Maximum term of supervised release of 5 years
      Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

Count Nine:   Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) and 2)
      Maximum punishment is death (government is not seeking the death penalty)
      Mandatory minimum term of life imprisonment
      Maximum term of supervised release of 5 years
      Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

Counts Ten, Twelve, Fourteen, Sixteen, Eighteen, and Twenty:   Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C. §§ 1959(a)(3) and 2)
      For *each* count:
      Maximum term of 20 years imprisonment
      Maximum term of supervised release of 3 years
      Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

Counts Eleven, Thirteen, Fifteen, Seventeen, Nineteen, and Twenty-One:   Attempted Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(5) and 2)
      For *each* count:
      Maximum term of 10 years imprisonment
      Maximum term of supervised release of 3 years
      Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

Count Twenty-Two:   Use of Firearm in Furtherance of a Crime of Violence Causing Death (18 U.S.C. § 924(j)(1))
      Maximum punishment is death (government is not seeking the death penalty)
      Maximum term of supervised release of 5 years
      Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

<u>Count Twenty-Three</u>: Use of Firearm in Furtherance of a Crime of Violence (18 U.S.C.
§ 924(c)(1)(A))

> Mandatory minimum term of 10 years imprisonment, consecutive
> Maximum term of supervised release of 5 years
> Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary
> gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
> Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

─── OFFENSE CHARGED ───

See attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See attached.

─── DEFENDANT - U.S ───

▶ HOUSTON NATHANIEL III

DISTRICT COURT NUMBER

CR 12-00574-2 PJH

FILED

JUN 18 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPL. (ATF)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   BRIGID S. MARTIN

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

} ☐ Federal   ☒ State

Has detainer   ☐ Yes
been filed?   ☐ No

} If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year   December 8, 2011

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

Bail Amount: NA

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

**PENALTY SHEET ATTACHMENT – HOUSTON NATHANIEL, III**
**(a/k/a "No No," a/k/a "Lil No")**

Count One:   Racketeering Conspiracy (18 U.S.C. § 1962(d))
      Maximum term of life imprisonment
      Maximum term of supervised release of 5 years
      Maximum fine of the greatest of either:  (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

Count Two:   Maiming in Aid of Racketeering (18 U.S.C. §§ 1959(a)(2) and 2)
      Maximum term of 30 years imprisonment
      Maximum term of supervised release of 3 years
      Maximum fine of the greatest of either:  (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

Counts Three, Six, Ten, Twelve, Fourteen, Sixteen, Eighteen, and Twenty:   Assault with a Dangerous Weapon in Aid of Racketeering (18 U.S.C. §§ 1959(a)(3) and 2)
      For *each* count:
      Maximum term of 20 years imprisonment
      Maximum term of supervised release of 3 years
      Maximum fine of the greatest of either:  (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

Counts Four, Seven, Eleven, Thirteen, Fifteen, Seventeen, Nineteen, and Twenty-One:
Attempted Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(5) and 2)
      For *each* count:
      Maximum term of 10 years imprisonment
      Maximum term of supervised release of 3 years
      Maximum fine of the greatest of either:  (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

Count Nine:   Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) and 2)
      Maximum punishment is death (government is not seeking the death penalty)
      Mandatory minimum term of life imprisonment
      Maximum term of supervised release of 5 years
      Maximum fine of the greatest of either:  (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

<u>Count Twenty-Two</u>:   Use of Firearm in Furtherance of a Crime of Violence Causing Death (18 U.S.C. § 924(j)(1))

      Maximum punishment is death (government is not seeking the death penalty)
      Maximum term of supervised release of 5 years
      Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

<u>Counts Five, Eight and Twenty-Three</u>:   Use of Firearm in Furtherance of a Crime of Violence (18 U.S.C. § 924(c)(1)(A))

      For *each* count:
      Mandatory minimum term of 10 years imprisonment, consecutive
      *Conviction on second and successive convictions*: mandatory minimum term of 25 years imprisonment, consecutive
      Maximum term of supervised release of 5 years
      Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION  FILED

─── OFFENSE CHARGED ───

See attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See attached.

─── DEFENDANT - U.S ───

JUN 18 2015

▶ JOHN DEVALIER DANIELS

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DISTRICT COURT NUMBER

CR 12-00574-3 PJH

─── DEFENDANT ───

─────── PROCEEDING ───────

Name of Complainant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION (FBI) AND ATF

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:    ☐ U.S. ATTORNEY  ☐ DEFENSE    } SHOW DOCKET NO.

☒ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under    } MAGISTRATE CASE NO.  4-15-70165 MAG

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    BRIGID S. MARTIN

**IS _NOT_ IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge

5) ☐ On another conviction    } ☐ Federal  ☒ State

6) ☐ Awaiting trial on other charges
    If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes  } If "Yes"
been filed?  ☐ No     } give date filed

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

Bail Amount: NA

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT – JOHN DEVALIER DANIELS
### (a/k/a "John De'valia," a/k/a "Lil John")

<u>Count One</u>:   Racketeering Conspiracy (18 U.S.C. § 1962(d))
      Maximum term of life imprisonment
      Maximum term of supervised release of 5 years
      Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

<u>Count Twenty-Four</u>:   Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) and 2)
      Maximum punishment is death
      Mandatory minimum term of life imprisonment
      Maximum term of supervised release of 5 years
      Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

<u>Count Twenty-Five</u>:   Use of Firearm in Furtherance of a Crime of Violence Causing Death (18 U.S.C. § 924(j)(1))
      Maximum punishment is death
      Maximum term of supervised release of 5 years
      Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

<u>Count Twenty-Six</u>:   Use of Firearm in Furtherance of a Crime of Violence (18 U.S.C. § 924(c)(1)(A))
      Mandatory minimum term of 10 years imprisonment, consecutive
      Maximum term of supervised release of 5 years
      Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

─── OFFENSE CHARGED ───

See attached.
☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See attached.

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

─ DEFENDANT - U.S ─

JERMAINE EARNEST

DISTRICT COURT NUMBER

CR 12-00574-4 PJH

FILED
JUN 18 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

FEDERAL BUREAU OF INVESTIGATION (FBI) AND ATF

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☒ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO.
CR 15-0529 PJH

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   BRIGID S. MARTIN

─── DEFENDANT ───

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☒ On this charge

5) ☐ On another conviction
☒ Federal   ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
SANTA RITA JAIL

Has detainer ☐ Yes   If "Yes" give date filed
been filed?   ☐ No

DATE OF   Month/Day/Year
ARREST   September 4, 2014

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED   Month/Day/Year
TO U.S. CUSTODY ▶

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT
If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

Bail Amount: NA

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment.

Date/Time:   Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT – JERMAINE EARNEST
### (a/k/a "Maine," a/k/a "Acorn Maine")

<u>Count One</u>:   Racketeering Conspiracy (18 U.S.C. § 1962(d))
Maximum term of life imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary
gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

<u>Count Twenty-Four</u>:   Murder in Aid of Racketeering (18 U.S.C. §§ 1959(a)(1) and 2)
Maximum punishment is death
Mandatory minimum term of life imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary
gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

<u>Count Twenty-Five</u>:   Use of Firearm in Furtherance of a Crime of Violence Causing Death (18
U.S.C. § 924(j)(1))
Maximum punishment is death
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary
gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

<u>Count Twenty-Six</u>:   Use of Firearm in Furtherance of a Crime of Violence (18 U.S.C.
§ 924(c)(1)(A))
Mandatory minimum term of 10 years imprisonment, consecutive
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either:   (a) $250,000; or (b) twice the gross pecuniary
gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

<u>Count Twenty-Seven</u>: Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1))
| | |
|---|---|
| Maximum prison sentence | 10 years |
| Maximum fine | $250,000 |
| Maximum term of supervised release | 3 years |
| Mandatory special assessment | $100 |

# United States District Court

FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

VENUE: Oakland

UNITED STATES OF AMERICA,

**V.**

DIONTE HOUFF,
a/k/a "Bird,"
a/k/a "Birdman,"
a/k/a "Tay,"
HOUSTON NATHANIEL, III,
a/k/a "No No,"
a/k/a "Lil No,"
JOHN DEVALIER DANIELS,
a/k/a "John De'valia,"
a/k/a "Lil John," and
JERMAINE EARNEST,
a/k/a "Maine,"
a/k/a "Acorn Maine,"
**DEFENDANT.**

FILED

JUN 18 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

SUPERSEDING INDICTMENT

Title 18, United States Code, Section 1962(d) - Racketeering Conspiracy; Title 18, United States Code, Section 1959 - Violent Crimes in Aid of Racketeering; Title 18, United States Code, Section 924(c) - Use/Possession of Firearm in Furtherance of Crime of Violence; Title 18, United States Code, Section 924(j) - Use of Firearm in Furtherance of a Crime of Violence Causing Death; Title 18, United States Code, Section 2 - Aiding and Abetting; and Title 18, United States Code, Section 922(g)(1) – Felon in Possession of a Firearm

A true bill.

_John Clinton Carroll_
Foreman

Filed in open court this **18** day of
**June 2015**

_____
Clerk

6/18/15

Bail, $ _no process_

1  MELINDA HAAG (CABN 132612)
   United States Attorney

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11

12  UNITED STATES OF AMERICA,            )  NO.  CR 12-00574 PJH
                                         )
13          Plaintiff,                   )  VIOLATIONS:  Title 18, United States Code, Section
                                         )  1962(d) – Racketeering Conspiracy; Title 18, United
14       v.                              )  States Code, Section 1959 – Violent Crimes in Aid of
                                         )  Racketeering; Title 18, United States Code, Section
15  DIONTE HOUFF,                        )  924(c) – Use/Possession of Firearm in Furtherance of
        a/k/a "Bird,"                    )  Crime of Violence; Title 18, United States Code,
16      a/k/a "Birdman,"                 )  Section 924(j) – Use of Firearm in Furtherance of a
        a/k/a "Tay,"                     )  Crime of Violence Causing Death; Title 18, United
17                                       )  States Code, Section 2 – Aiding and Abetting; and
   HOUSTON NATHANIEL, III,               )  Title 18, United States Code, Section 922(g)(1) –
18      a/k/a "No No,"                   )  Felon in Possession of a Firearm
        a/k/a "Lil No,"                  )
19                                       )
   JOHN DEVALIER DANIELS,                )
20      a/k/a "John De'valia,"           )  OAKLAND VENUE
        a/k/a "Lil John," and            )
21                                       )
   JERMAINE EARNEST,                     )
22      a/k/a "Maine,"                   )
        a/k/a "Acorn Maine,"             )
23                                       )
           Defendants.                   )
24  _____)

25                    SUPERSEDING INDICTMENT

26  The Grand Jury charges:

27

28  SUPERSEDING INDICTMENT                              1

1  COUNT ONE:        (18 U.S.C. § 1962(d) – Racketeering Conspiracy)

2                              Introductory Allegations

3        1.      At all times relevant to this Information, "Acorn" was a street gang that formed in

4  Oakland, California, in the 1980s, when its members originally called themselves the "Acorn Mob."

5  Acorn members engaged in drug distribution, robbery, and other criminal acts for the financial profit of

6  its members and to promote respect for and fear of the gang.

7        2.      Acorn was primarily comprised of African American males and females of all ages.

8  Acorn operated and controlled the West Oakland neighborhood in and around the Acorn Redevelopment

9  Housing Project from which the gang's name derives.  The geographic territory or "turf" claimed by the

10  Acorn gang was roughly bordered by 12th Street to the north, 7th Street to the south, Market Street to the

11  east, and Union Street to the west, and included the Acorn Tower, Mohr Tower, and City Tower housing

12  complexes.

13        3.      Most Acorn members lived or had previously lived in Acorn territory, or had

14  family who lived in Acorn territory.  Membership was often through association with existing Acorn

15  members.  Prospective members had to commit crimes to prove themselves and their loyalty to the gang.

16        4.      Some Acorn members also identified as members of one or more smaller subsets of the

17  main gang, generally divided by age.  Subsets of Acorn with which older Acorn members identified –

18  i.e., approximately age 25 and older – included "Acorn Mob," "Gas Team," and "A-Team."  Subsets of

19  Acorn claimed by younger Acorn members – i.e., under age 25 – included "Baby Gas Team," "Junior

20  Gas Team," and "TOI" ("Take Off Instantly").  Anyone claiming affiliation with one of these subsets

21  also claimed membership in the main Acorn gang.

22        5.      Members identified themselves and showed loyalty to Acorn through tattoos,

23  clothing items, and hand signs.  Acorn members often used Internet social networking sites to promote

24  Acorn and to disrespect rival gangs.  Acorn members often referred to one another by street monikers as

25  a sign of respect, as well as to avoid detection by law enforcement, and may not know fellow gang

26  members by any name other than their street names.

27        6.      The principal, although not the only, rival to Acorn was the "Lower Bottoms,"

28  SUPERSEDING INDICTMENT

                                        2

also referred to as "the Bottoms."  Lower Bottoms was a street gang that claims the territory in the Lower Bottoms neighborhood of West Oakland, including the Campbell Village housing project.

### The Racketeering Enterprise

7.       Acorn, including its leadership, members, and associates constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### Purposes of the Enterprise

8.       The purposes of the Acorn enterprise included the following:

a.       Preserving and protecting the territory, power, profits, and reputation of Acorn through the use of intimidation, violence, threat of violence, assault, and murder;

b.       Enriching the members and associates of Acorn through, among other things, the control of and participation in the distribution of controlled substances in the territory controlled by the enterprise;

c.       Enriching the members and associates of Acorn through, among other things, violence and threats of violence, extortion, assault, and robbery;

d.       Promoting and enhancing the activities and authority of Acorn and its members and associates;

e.       Keeping victims, potential victims, and witnesses in fear of Acorn and in fear of its members and associates through violence and threats of violence;

f.       Providing financial support to other Acorn members, including those incarcerated for committing acts of violence, robbery, distribution of controlled substances, and other offenses; and

g.       Providing assistance to other Acorn members who committed crimes for and on behalf of Acorn, to hinder, obstruct and prevent law enforcement officers from identifying, apprehending, and successfully prosecuting the offenders.

### The Defendants

SUPERSEDING INDICTMENT

3

9.      The defendant, DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," has been a member of the Acorn gang since at least in or about 2000, when he was approximately 20 years old. HOUFF, now 32, is one of the older members of Acorn.

10.     The defendant, HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No," has been a member of Acorn since at least in or about 2008, when he was approximately 19 years old. NATHANIEL is a leader among younger Acorn members.

11.     The defendant, JOHN DEVALIER DANIELS, a/k/a "John De'valia," a/k/a "Lil John," has been a member of the Acorn gang since at least in or about 2005, when he was approximately 17 years old.

12.     The defendant, JERMAINE EARNEST, a/k/a "Maine," a/k/a "Acorn Maine," has been a member of the Acorn gang since at least in or about 2003, when he was approximately 13 years old.

13.     Among other activities taken in furtherance of the Acorn gang, on or about November 6, 2011, in the vicinity of 10th and Peralta Streets in Oakland, California, NATHANIEL and at least one accomplice shot and maimed a teenaged boy ("Victim-1"). Later on or about November 6, 2011, in the vicinity of the Acorn housing project on Adeline Street in Oakland, California, NATHANIEL and at least one accomplice shot and wounded another teenaged boy ("Victim-2"). In addition, on or about November 28, 2011, in the vicinity of 7th and Willow Streets in Oakland, California, HOUFF, NATHANIEL, and an Accomplice shot at a group of individuals whom they believed were rival gang members, hitting seven of the individuals ("Victim-3," "Victim-4," "Victim-5," "Victim-6," "Victim-7," and "Victim-8") and killing an infant (the "Infant Victim"). In addition, on or about April 16, 2014, in the vicinity of 10th and Willow Streets  in Oakland, California, EARNEST shot and killed an individual he identified as a rival gang member ("Victim-10"),  during a drive-by shooting in which DANIELS was the driver.

14.     The defendants, who are members of Acorn, acted individually, with each other, and also with other member and non-member Acorn associates in the commission of racketeering activities and other criminal conduct.

SUPERSEDING INDICTMENT

4

The Racketeering Conspiracy

15.    Beginning on a date unknown to the Grand Jury but since at least 2008, and continuing up through and including the present, in the Northern District of California and elsewhere, the defendants,

> DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay,"
>
> HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"
>
> JOHN DEVALIER DANIELS, a/k/a "John De'valia," a/k/a "Lil John," and
>
> JERMAINE EARNEST, a/k/a "Maine," a/k/a "Acorn Maine,"

together with others known and unknown, each being a person employed by and associated with Acorn, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and intentionally did conspire to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the Acorn enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Section 1961(1) and (5), which pattern of racketeering activity consisted of:

a.    multiple acts and threats involving murder, in violation of California Penal Code §§ 187, 188, 189, 182, 21a, 664, 653f, and 422; robbery, in violation of California Penal Code §§ 211, 212, 212.5, 213, 182, 21a, and 664; and extortion, in violation of California Penal Code §§ 518, 519, 520, 524, 664, and 182;

b.    multiple acts involving dealing in controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and

c.    multiple acts indictable under 18 U.S.C. §§ 1951, 1513, 1512, and 1503.

16.    It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

Manner and Means of the Conspiracy

17.    It was part of the manner and means of the conspiracy that the defendants and other members and associates of Acorn discussed with other members and associates of Acorn, among other

SUPERSEDING INDICTMENT

1  things: the status of Acorn members and associates who were arrested or incarcerated; how to handle

2  internal Acorn disagreements among members; Acorn members' encounters with law enforcement; the

3  identities of individuals suspected of cooperating with law enforcement; and plans and agreements

4  regarding the commission of future crimes, including murder, robbery, extortion, narcotics distribution,

5  illegal possession of firearms, and assault.

6       18.    It was further part of the manner and means of the conspiracy that the defendants

7  and other members and associates of Acorn agreed that acts of violence, including murder, attempted

8  murder, and assault, would be committed by members and associates of Acorn against rival gang

9  members and others when it suited the enterprise's purpose.

10       19.  It was further part of the manner and means of the conspiracy that the defendants

11  and other members and associates of Acorn agreed to distribute controlled substances, to commit

12  robbery, extortion, and other crimes, and to conceal their criminal activities by threatening and

13  intimidating witnesses, among other manner and means.

14       All in violation of Title 18, United States Code, Section 1962(d).

15  <u>COUNT TWO</u>:     (18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering of Victim-1)

16       20.    Paragraphs 1 through 14, and 17 through 19 of this Superseding Indictment are realleged

17  and incorporated by reference as though fully set forth herein.

18       21.    At all times relevant to this Superseding Indictment, Acorn constituted an enterprise as

19  defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in

20  fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The

21  enterprise constituted an ongoing organization whose members functioned as a continuing unit for a

22  common purpose of achieving the objectives of the enterprise.

23       22.    At all times relevant to this Superseding Indictment, Acorn, the above-described

24  enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18,

25  United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple acts and threats involving

26  murder, in violation of California Penal Code §§ 187, 188, 189, 182, 21a, 664, 653f and 422; robbery, in

27  violation of California Penal Code §§ 211, 212, 212.5, 213, 182, 21a, and 664; and extortion, in

28  SUPERSEDING INDICTMENT

violation of California Penal Code §§ 518, 519, 520, 524, 664, and 182; multiple acts involving dealing in a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and multiple acts indictable under 18 U.S.C. §§ 1951, 1513, 1512, and 1503.

23.     On or about November 6, 2011, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendant,

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and intentionally did maim Victim-1, in violation of California Penal Code, Sections 203, 204, and 205.

All in violation of Title 18, United States Code, Sections 1959(a)(2) and 2.

COUNT THREE:          (18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering of Victim-1)

24.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

25.     On or about November 6, 2011, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendant,

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and intentionally did assault Victim-1 with a dangerous weapon, in violation of California Penal Code, Section 245(a)(1).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT FOUR:          (18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of Victim-1)

26.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

27.     On or about November 6, 2011, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendant,

7

SUPERSEDING INDICTMENT

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and intentionally did attempt to murder Victim-1, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

COUNT FIVE:          (18 U.S.C. § 924(c)(1)(A) – Use/Possession of Firearm in Furtherance of Crime of Violence)

28.     On or about November 6, 2011, in the Northern District of California, the defendant,

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and knowingly did use and carry a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the maiming in aid of racketeering of Victim-1 charged in Count Two of this Superseding Indictment, the assault with a dangerous weapon in aid of racketeering of Victim-1 charged in Count Three of this Superseding Indictment, and the attempted murder in aid of racketeering of Victim-1 charged in Count Four of this Superseding Indictment, and did possess, brandish, and discharge a firearm in furtherance of the offenses charged in Counts Two, Three, and Four of this Superseding Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

COUNT SIX:          (18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering of Victim-2)

29.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

30.     On or about November 6, 2011, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendant,

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

8

SUPERSEDING INDICTMENT

together with others known and unknown, unlawfully, willfully, and intentionally did assault Victim-2 with a dangerous weapon, in violation of California Penal Code, Section 245(a)(1).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT SEVEN:     (18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of Victim-2)

33.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

32.     On or about November 6, 2011, in the Northern District of California, for the pose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendant,

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and intentionally did attempt to murder Victim-2, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

COUNT EIGHT:     (18 U.S.C. § 924(c)(1)(A) – Use/Possession of Firearm in Furtherance of Crime of Violence)

33.     On or about November 6, 2011, in the Northern District of California, the defendant,

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and knowingly did use and carry a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the assault with a dangerous weapon in aid of racketeering of Victim-2 charged in Count Six of this Superseding Indictment and the attempted murder in aid of racketeering of Victim-2 charged in Count Seven of this Superseding Indictment, and did possess, brandish, and discharge a firearm in furtherance of the offenses charged in Counts Six and Seven of this Superseding Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

COUNT NINE:     (18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering of the Infant Victim)

34.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

9

SUPERSEDING INDICTMENT

35.     On or about November 28, 2011, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendants,

DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and intentionally did murder the Infant Victim, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

<u>COUNT TEN:</u>          (18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering of Victim-3)

36.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

37.     On or about November 28, 2011, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendants,

DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and intentionally did assault Victim-3 with a dangerous weapon, in violation of California Penal Code, Section 245(a)(1).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

<u>COUNT ELEVEN:</u>          (18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of Victim-3)

38.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

39.     On or about November 28, 2011, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendants,

10

SUPERSEDING INDICTMENT

1               DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

2               HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

3  together with others known and unknown, unlawfully, willfully, and intentionally did attempt to

4  murder Victim-3, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

5       All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

6  <u>COUNT TWELVE</u>:       (18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of

7                       Racketeering of Victim-4)

8      40.    Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding

9  Indictment are realleged and incorporated by reference as though fully set forth herein.

10     41.    On or about November 28, 2011, in the Northern District of California, for the

11  purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged

12  in racketeering activity, the defendants,

13               DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

14               HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

15  together with others known and unknown, unlawfully, willfully, and intentionally did assault Victim-4

16  with a dangerous weapon, in violation of California Penal Code, Section 245(a)(1).

17       All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

18  <u>COUNT THIRTEEN</u>:     (18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of

19                       Victim-4)

20     42.    Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding

21  Indictment are realleged and incorporated by reference as though fully set forth herein.

22     43.    On or about November 28, 2011, in the Northern District of California, for the

23  purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged

24  in racketeering activity, the defendants,

25               DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

26               HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

27

28  SUPERSEDING INDICTMENT

together with others known and unknown, unlawfully, willfully, and intentionally did attempt to murder Victim-4, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

COUNT FOURTEEN:     (18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering of Victim-5)

44.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

45.     On or about November 28, 2011, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendants,

DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and intentionally did assault Victim-5 with a dangerous weapon, in violation of California Penal Code, Section 245(a)(1).

COUNT FIFTEEN:     (18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of Victim-5)

46.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

47.     On or about November 28, 2011, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendants,

DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and intentionally did attempt to murder Victim-5, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

SUPERSEDING INDICTMENT

12

COUNT SIXTEEN:                 (18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of
                                Racketeering of Victim-6)

48.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

49.     On or about November 28, 2011, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in Acorn, an enterprise engaged in racketeering activity, the defendants,

DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and intentionally did assault Victim-6 with a dangerous weapon, in violation of California Penal Code, Section 245(a)(1).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT SEVENTEEN:               (18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of
                                Victim-6)

50.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

51.     On or about November 28, 2011, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendants,

DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and intentionally did attempt to murder Victim-6, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

COUNT EIGHTEEN:                (18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of
                                Racketeering of Victim-7)

13

SUPERSEDING INDICTMENT

52.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

53.     On or about November 28, 2011, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendants,

DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and intentionally did assault Victim-7 with a dangerous weapon, in violation of California Penal Code, Section 245(a)(1).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT NINETEEN:          (18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of Victim-7)

54.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

55.     On or about November 28, 2011, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendants,

DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and intentionally did attempt to murder Victim-7, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

COUNT TWENTY:            (18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering of Victim-8)

56.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

57.     On or about November 28, 2011, in the Northern District of California, for the

14

SUPERSEDING INDICTMENT

1    purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged

2    in racketeering activity, the defendants,

3                     DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

4                     HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

5    together with others known and unknown, unlawfully, willfully, and intentionally did assault Victim-8

6    with a dangerous weapon, in violation of California Penal Code, Section 245(a)(1).

7          All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

8    COUNT TWENTY-ONE:    (18 U.S.C. § 1959(a)(5) – Attempted Murder in Aid of Racketeering of

9                                          Victim-8)

10         58.    Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding

11   Indictment are realleged and incorporated by reference as though fully set forth herein.

12         59.    On or about November 28, 2011, in the Northern District of California, for the

13   purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged

14   in racketeering activity, the defendants,

15                    DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

16                    HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

17   together with others known and unknown, unlawfully, willfully, and intentionally did attempt to murder

18   Victim-8 in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

19         All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

20   COUNT TWENTY-TWO:    (18 U.S.C. § 924(j)(1) – Use of a Firearm in Furtherance of Crime of

21                                          Violence Causing the Death of the Infant Victim)

22         60.    On or about November 28, 2011, in the Northern District of California, the

23   defendants,

24                    DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

25                    HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

26   together with others known and unknown, unlawfully, willfully, and knowingly, during and in relation

27   to a crime of violence for which they may be prosecuted in a court of the United States, namely: the

28   SUPERSEDING INDICTMENT

15

murder in aid of racketeering of the Infant Victim, charged in Count Nine of this Superseding

Indictment; the assault with a dangerous weapon in aid of racketeering of Victim-3, Victim-4, Victim-5,

Victim-6, Victim-7, and Victim-8, charged in Counts Ten, Twelve, Fourteen, Sixteen, Eighteen, and

Twenty, respectively, of this Superseding Indictment; and the attempted murder in aid of racketeering of

Victim-3, Victim-4, Victim-5, Victim-6, Victim-7, and Victim-8, charged in Counts Eleven, Thirteen,

Fifteen, Seventeen, Nineteen, and Twenty-One, respectively, of this Superseding Indictment, did use and

carry a firearm, and in furtherance of such crime, did possess a firearm, and in the course of that crime

did cause the death of the Infant Victim through the use of a firearm, which killing was murder as

defined in Title 18, United States Code, Section 1111, and manslaughter as defined in Title 18, United

States Code, Section 1112.

      All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

COUNT TWENTY-THREE: (18 U.S.C. § 924(c)(1)(A) – Use/Possession of Firearm in Furtherance of

Crime of Violence)

      61.     On or about November 28, 2011, in the Northern District of California, the

defendants,

DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

together with others known and unknown, unlawfully, willfully, and knowingly did use and carry a

firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the

United States, namely: the murder in aid of racketeering of the Infant Victim, charged in Count Nine of

this Superseding Indictment; the assault with a dangerous weapon in aid of racketeering of Victim-3,

Victim-4, Victim-5, Victim-6, and Victim-8, charged in Counts Ten, Twelve, Fourteen,

Sixteen, Eighteen, and Twenty, respectively, of this Superseding Indictment; and the attempted murder

in aid of racketeering of Victim-3, Victim-4, Victim-5, Victim-6, Victim-7, and Victim-8, charged in

Counts Eleven, Thirteen, Fifteen, Seventeen, Nineteen, and Twenty-One, respectively, of this

Superseding Indictment, and did possess, brandish, and discharge a firearm in furtherance of the

SUPERSEDING INDICTMENT

offenses charged in Counts Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, and Twenty-One of this Superseding Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

<u>COUNT TWENTY-FOUR</u>:     (18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering of Victim-10)

62.     Paragraphs 1 through 14, 17 through 19, and 20 through 21 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

63.     On or about April 16, 2014, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, Acorn, an enterprise engaged in racketeering activity, the defendants,

JOHN DEVALIER DANIELS, a/k/a "John De'valia," a/k/a "Lil John," and

JERMAINE EARNEST, a/k/a "Maine," a/k/a "Acorn Maine,"

together with others known and unknown, unlawfully, willfully, and intentionally did murder Victim-10, in violation of California Penal Code, Sections 187, 188, 189, and 21a.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

<u>COUNT TWENTY-FIVE</u>:     (18 U.S.C. § 924(j)(1) – Use of a Firearm in Furtherance of Crime of Violence Causing the Death Victim-10)

64.     On or about April 16, 2014, in the Northern District of California, the defendants,

JOHN DEVALIER DANIELS, a/k/a "John De'valia," a/k/a "Lil John," and

JERMAINE EARNEST, a/k/a "Maine," a/k/a "Acorn Maine,"

together with others known and unknown, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-10, charged in Count Twenty-Four of this Superseding Indictment, did use and carry a firearm, and in furtherance of such crime, did possess a firearm, and in the course of that crime did cause the death of Victim-10 through the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section 1111, and manslaughter as defined in Title 18, United States Code, Section 1112.

17

SUPERSEDING INDICTMENT

All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

COUNT TWENTY-SIX:   (18 U.S.C. § 924(c)(1)(A) – Use/Possession of Firearm in Furtherance of Crime of Violence)

65.    On or about April 16, 2014, in the Northern District of California, the defendants,

JOHN DEVALIER DANIELS, a/k/a "John De'valia," a/k/a "Lil John," and

JERMAINE EARNEST, a/k/a "Maine," a/k/a "Acorn Maine,"

together with others known and unknown, unlawfully, willfully, and knowingly did use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-10, charged in Count Twenty-Four of this Superseding Indictment, and did possess, brandish, and discharge a firearm in furtherance of the offense charged in Count Twenty-Four of this Superseding Indictment.

COUNT TWENTY-SEVEN:   (18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm

66.    On or about September 4, 2014, in the Northern District of California, the defendant,

JERMAINE EARNEST,

after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, unlawfully and knowingly possessed a firearm in and affecting interstate commerce, to wit, a .45 caliber Taurus firearm, serial number NEP04505.

All in violation of Title 18, United States Code, Section 922(g)(1).

FORFEITURE ALLEGATION:   (18 U.S.C. § 924(d)(1) – Firearm-Related Forfeiture)

67.    The allegations contained in Count Twenty-Seven of this Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d)(1).

68.    Upon a conviction of the offense alleged in Count Twenty-Seven above, the defendant,

JERMAINE EARNEST,

18

SUPERSEDING INDICTMENT

1  shall forfeit to the United States any firearm or ammunition involved in or used in any knowing

2  violation of said offense, including but not limited to the following property:

3          a.      One .45 caliber Taurus firearm, serial number NEP04505; and

4          b.      Any and all ammunition loaded in the aforementioned firearm.

5  All pursuant to Title 18, United States Code, Section 924(d)(1).

6  
7  <u>NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT ONE</u>

8  <u>Number 1: Conspiracy to Commit Murder</u>

9      69.    Beginning on a date unknown to the Grand Jury but since at least 2008, and continuing

10  up through and including the present, in the Northern District of California and elsewhere, the

11  defendants,

12            DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay,"

13            HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

14      JOHN DEVALIER DANIELS, a/k/a "John De'valia," a/k/a "Lil John," and

15            JERMAINE EARNEST, a/k/a "Maine," a/k/a "Acorn Maine,"

16  together with others known and unknown, unlawfully, knowingly and intentionally did conspire to

17  commit murder, in violation of California Penal Code §§ 187, 188, 189, and 182, to wit, the defendants

18  agreed together and with each other to kill, with malice aforethought, actual and suspected members of

19  rival gangs to Acorn, individuals suspected of cooperating with law enforcement, and individuals who

20  defied the will of Acorn.

21  <u>Number 2: HOUSTON NATHANIEL, III - Attempted First Degree Murder of Victim-1</u>

22      70.    On or about November 6, 2011, in the Northern District of California, the

23  defendant,

24            HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

25  unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to kill, with

26  malice aforethought, Victim-1, in violation of California Penal Code, Sections 187, 188, 189, 21a, and

27  664.

28  

SUPERSEDING INDICTMENT

Number 3: HOUSTON NATHANIEL, III - Attempted First Degree Murder of Victim-2

71.     On or about November 6, 2011, in the Northern District of California, the defendant,

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to kill, with malice aforethought, Victim-2, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

Number 4: DIONTE HOUFF and HOUSTON NATHANIEL, III - Murder of the Infant Victim

72.     On or about November 28, 2011, in the Northern District of California, the defendants,

DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

unlawfully, willfully, and intentionally, did kill, with malice aforethought, the Infant Victim, in violation of California Penal Code, Sections 187, 188, and 189.

Number 5: DIONTE HOUFF and HOUSTON NATHANIEL, III - Attempted First Degree Murder of Victim-3

73.     On or about November 28, 2011, in the Northern District of California, the defendants,

DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to kill, with malice aforethought, Victim-3, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

Number 6: DIONTE HOUFF and HOUSTON NATHANIEL, III - Attempted First Degree Murder of Victim-4

74.     On or about November 28, 2011, in the Northern District of California, the defendants,

20

SUPERSEDING INDICTMENT

1   DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

2   HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

3   unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to kill, with

4   malice aforethought, Victim-4, in violation of California Penal Code, Sections 187, 188, 189, 21a, and

5   664.

6   Number 7: DIONTE HOUFF and HOUSTON NATHANIEL, III - Attempted First Degree Murder of

7   Victim-5

8   75.   On or about November 28, 2011, in the Northern District of California, the

9   defendants,

10   DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

11   HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

12   unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to kill, with

13   malice aforethought, Victim-5, in violation of California Penal Code, Sections 187, 188, 189, 21a, and

14   664.

15   Number 8: DIONTE HOUFF and HOUSTON NATHANIEL, III - Attempted First Degree Murder of

16   Victim-6

17   76.   On or about November 28, 2011, in the Northern District of California, the

18   defendants,

19   DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

20   HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

21   unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to kill, with

22   malice aforethought, Victim-6, in violation of California Penal Code, Sections 187, 188, 189, 21a, and

23   664.

24   Number 9: DIONTE HOUFF and HOUSTON NATHANIEL, III - Attempted First Degree Murder of

25   Victim-7

26   77.   On or about November 28, 2011, in the Northern District of California, the

27   defendants,

28   SUPERSEDING INDICTMENT

21

1    DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

2    HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

3    unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to kill, with

4    malice aforethought, Victim-7, in violation of California Penal Code, Sections 187, 188, 189, 21a, and

5    664.

6    Number 10: DIONTE HOUFF and HOUSTON NATHANIEL, III - Attempted First Degree Murder of

7    Victim-8

8    78.    On or about November 28, 2011, in the Northern District of California, the

9    defendants,

10   DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," and

11   HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No,"

12   unlawfully, willfully, and intentionally, and with deliberation and premeditation, did attempt to kill, with

13   malice aforethought, Victim-8, in violation of California Penal Code, Sections 187, 188, 189, 21a, and

14   664.

15   Number 11: JOHN DEVALIER DANIELS and JERMAINE EARNEST - Murder of Victim-10

16   79.    On or about April 16, 2014, in the Northern District of California, the defendants,

17   JOHN DEVALIER DANIELS, a/k/a "John De'valia," a/k/a "Lil John," and

18   JERMAINE EARNEST, a/k/a "Maine," a/k/a "Acorn Maine,"

19   unlawfully, willfully, and intentionally, did kill, with malice aforethought, Victim-10, in violation of

20   California Penal Code, Sections 187, 188, and 189.

21   NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT DIONTE HOUFF

22   80.    The allegations of Counts Nine and Twenty-Two of this Superseding Indictment are

23   realleged and incorporated by reference as though fully set forth herein.

24   81.    As to Counts Nine and Twenty-Two of this Superseding Indictment, the defendant,

25   DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay":

26   (1)    was more than 18 years of age at the time of the offenses (18 U.S.C.

27   § 3591(a));

28   SUPERSEDING INDICTMENT

22

(2)     intentionally killed the Infant Victim named in the respective capital counts (18 U.S.C. § 3591(a)(2)(A));

(3)     intentionally inflicted serious bodily injury that resulted in the death of the Infant Victim named in the respective capital counts (18 U.S.C. § 3591(a)(2)(B));

(4)     intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the Infant Victim named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

(5)     intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than a participant in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and the Infant Victim named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(D)).

82.     As to Counts Nine and Twenty-Two of this Superseding Indictment, the defendant, DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5)).

83.     As to Counts Nine and Twenty-Two of this Superseding Indictment, the defendant, DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

84.     As to Counts Nine and Twenty-Two of this Superseding Indictment, the defendant, DIONTE HOUFF, a/k/a "Bird," a/k/a "Birdman," a/k/a "Tay," committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

## NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT

## HOUSTON NATHANIEL, III

85.     The allegations of Counts Nine and Twenty-Two of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

SUPERSEDING INDICTMENT

23

86.     As to Counts Nine and Twenty-Two of this Superseding Indictment, the defendant, HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No":

(1)     was more than 18 years of age at the time of the offenses (18 U.S.C. § 3591(a));

(2)     intentionally killed the Infant Victim named in the respective capital counts (18 U.S.C. § 3591(a)(2)(A));

(3)     intentionally inflicted serious bodily injury that resulted in the death of the Infant Victim named in the respective capital counts (18 U.S.C. § 3591(a)(2)(B));

(4)     intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the Infant Victim named in the respective capital counts, died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

(5)     intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than a participant in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and the Infant Victim named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(D)).

87.     As to Counts Nine and Twenty-Two of this Superseding Indictment, the defendant, HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No," in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5)).

88.     As to Counts Nine and Twenty-Two of this Superseding Indictment, the defendant, HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No," committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

89.     As to Counts Nine and Twenty-Two of this Superseding Indictment, the Infant Victim was particularly vulnerable due to his youth (18 U.S.C. § 3592(c)(11)).

24

SUPERSEDING INDICTMENT

90.     As to Counts Nine and Twenty-Two of this Superseding Indictment, the defendant, HOUSTON NATHANIEL, III, a/k/a "No No," a/k/a "Lil No," intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT JOHN DEVALIER DANIELS

91.     The allegations of Counts Twenty-Four and Twenty-Five of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

92.     As to Counts Twenty-Four and Twenty-Five of this Superseding Indictment, the defendant, JOHN DEVALIER DANIELS, a/k/a "John De'valia," a/k/a "Lil John,":

(1)     was more than 18 years of age at the time of the offenses (18 U.S.C. § 3591(a));

(2)     intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Victim-10 named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

(3)     intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than a participant in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and Victim-10 named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(D)).

NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT JERMAINE EARNEST

93.     The allegations of Counts Twenty-Four and Twenty-Five of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

94.     As to Counts Nine and Twenty-Two of this Superseding Indictment, the defendant, JERMAINE EARNEST, a/k/a "Maine," a/k/a "Acorn Maine":

(1)     was more than 18 years of age at the time of the offenses (18 U.S.C. § 3591(a));

(2)     intentionally killed Victim-10 named in the respective capital

25

SUPERSEDING INDICTMENT

1   counts (18 U.S.C. § 3591(a)(2)(A));

2        (3)    intentionally inflicted serious bodily injury that resulted in the death of Victim-10

3   named in the respective capital counts (18 U.S.C. § 3591(a)(2)(B));

4        (4)    intentionally participated in one or more acts, contemplating that the life of a

5   person would be taken or intending that lethal force would be used in connection with a person, other

6   than a participant in the offense, and Victim-10 named in the respective capital counts died as a direct

7   result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

8        (5)    intentionally and specifically engaged in one or more acts of violence,

9   knowing that the act or acts created a grave risk of death to a person, other than a participant in the

10  offense, such that participation in such act or acts constituted a reckless disregard for human life, and

11  Victim-10 named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. §

    3591(a)(2)(D)).

12

13  DATED:  **6/18/15**                              A TRUE BILL.

14                                              _John Clinton Carroll_

15                                              FOREPERSON

16

17  MELINDA HAAG
    United States Attorney

18

19

20  _____
    DAVID R. CALLAWAY

21  Chief, Criminal Division

22

23  (Approved as to form: _____

24                          AUSA Brigid S. Martin

25

26

27

                                        26
28  SUPERSEDING INDICTMENT