UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff/Respondent,<br>v.<br>HOUSTON NATHANIEL, III,<br>Defendant/Movant. | Case No. 12-cr-00574-PJH-2<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 469 |

Before the court is the motion of defendant Houston Nathaniel, III ("movant") for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Dkt. no. 469 ("Mot."). Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court conducts an initial review of this motion to determine whether it presents a cognizable claim for relief and requires a response by the government. For the reasons set forth below, the court orders the government as respondent to show cause why relief should not be granted on the claims of ineffective assistance of counsel.

## BACKGROUND

Movant is currently serving a sentence imposed by this court. On July 19, 2012, the grand jury returned an indictment charging movant with violations of 18 U.S.C. § 1962(d), Racketeering Conspiracy (Count One); 18 U.S.C. §§ 1959(a)(2) and 2 - Maiming in Aid of Racketeering (Count Two); 18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon of Aid of Racketeering (Counts Three, Six, Ten, Twelve, Fourteen, Sixteen, Eighteen and Twenty); 18 U.S.C. §§ 1959(a)(1) and 2 - Murder in Aid

1  of Racketeering (Count Nine); 18 U.S.C. §§ 1959(a)(5) and 2 - Attempted Murder in Aid
2  of Racketeering (Counts Four, Seven, Eleven, Thirteen, Fifteen, Seventeen, Nineteen
3  and Twenty-One); 18 U.S.C. § 924(j)(1) - Using a Firearm During and In Relation to a
4  Crime of Violence Causing Death (Count Twenty-Two); 18 U.S.C. § 924(c) - Using a
5  Firearm During and In Relation to a Crime of Violence (Counts Five, Eight and Twenty-
6  Three). On June 18, 2015, a twenty-seven count Superseding Indictment was filed,
7  adding charges against two additional defendants. Dkt. no. 106.

8        On August 9, 2017, movant pled guilty pursuant to a Rule 11(c)(1)(C) plea
9  agreement to Counts One through Seven, and Counts Ten through Twenty-Three, of the
10 Superseding Indictment. Dkt. no. 241 ("Plea Agreement"). Count Eight for
11 Use/Possession of Firearm in Furtherance of Crime of Violence in violation of
12 § 924(c)(1)(A) and Count Nine for Murder in Aid of Racketeering of the Infant Victim in
13 violation of § 1959(a)(1) were dismissed on the government's motion. By entering into
14 the plea agreement, movant agreed to give up the right to appeal the conviction,
15 judgment, orders of the court, and any aspect of the sentence, but reserved the right to
16 claim that counsel was ineffective. The plea agreement also provided that movant
17 agreed not to file any collateral attack on the conviction or sentence, except that he
18 reserved the right to claim ineffective assistance of counsel.

19       On March 6, 2018, the court accepted the plea agreement and sentenced
20 Nathaniel to a total term of imprisonment of 516 months, calculated as 96 months on
21 Counts One, Two, Three, Four, Six, Seven, and Ten through Twenty-One of the
22 Superseding Indictment with all counts to run concurrent; 120 months on Count Five of
23 the Superseding Indictment to run consecutive to the term imposed on Counts One, Two,
24 Three, Four, Six, Seven, and Ten through Twenty-One; and 300 months on Counts
25 Twenty-Two and Twenty-Three of the superseding indictment to run concurrent to each
26 other and consecutive to terms imposed in all other counts. The court also sentenced
27 Nathaniel to five years of supervised release; $63,000 restitution; and a special
28 assessment in the amount of $2,100.

**DISCUSSION**

On March 4, 2019, Nathaniel filed the instant motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides in part as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . .

The Sixth Amendment entitles criminal defendants to the "'effective assistance of counsel'"—that is, representation that does not fall "below an objective standard of reasonableness" in light of "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A successful claim of ineffective assistance of counsel has two components. First, the defendant must show that counsel's performance was deficient. *Id.* This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* Second, the defendant must show that he was prejudiced by counsel's deficient performance. *Id.* That is, there must be a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

Movant asserts the following grounds for relief: (1) counsel rendered ineffective assistance by failing to move to dismiss Counts Twenty-Two and Twenty-Three for violations of §§ 924(j)(1) and 924(c)(1)(A), respectively, on the ground that each of these counts were predicated on an underlying crime that is not categorically a "crime of violence" in light of *Johnson v. United States,* 135 S. Ct. 2551 (2015)*,* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); (2) counsel rendered ineffective assistance at

3

sentencing by failing to seek consideration for a lower sentence for the underlying predicate offenses in light of *Dean v. United States,* 137 S. Ct. 1170 (2017); (3) counsel rendered ineffective assistance by failing to seek dismissal of the § 924(c) offense charged in Count Twenty-Three as a lesser included offense of the § 924(j) offense charged in Count Twenty-Two under the Double Jeopardy Clause; (4) petitioner did not waive his right to attack his illegal conviction on direct appeal or in a § 2255 motion, as his plea agreement waiver was entered unknowingly and should not be enforced against him; and (5) counsel rendered ineffective assistance by failing to file a notice of appeal to challenge the illegal convictions under § 924(c) and § 924(j) under the holdings of *Johnson* and *Dimaya*, and to challenge the sentencing errors under *Dean* and the Double Jeopardy Clause.

      1.    The first ground for claiming ineffective assistance of counsel, for failure to seek dismissal of Counts Twenty-Two and Twenty-Three, argues that the predicate crimes underlying the § 924(j) and § 924(c) counts, respectively, do not qualify as "crimes of violence" in light of *Johnson* and *Dimaya.* The "crime of violence" definition in § 924(c)(3) is nearly identical to that of 18 U.S.C. § 16, having both a "force clause" ("[an offense that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another") and a "residual clause" ("[any other offense that is a felony and] that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). In *Dimaya*, the Supreme Court held that the residual clause of § 16(b) is void for vagueness, leaving "crime of violence" to be defined under the force clause of § 16(a). *Dimaya*, 138 S. Ct. at 1223 (citing *Johnson,* 135 S. Ct. at 2557-60).

      Movant's supporting memorandum of points and authorities erroneously refers to manslaughter as one of the predicate offenses underlying the conviction for use of a firearm in furtherance of a crime of violence causing death, as charged in Count Twenty-Two. As evident on the face of the Superseding Indictment, Count Twenty-Two does not allege use or carrying of a firearm during and in relation to manslaughter, but specifies

4

the following predicate crimes of violence underlying that § 924(j) violation: murder in aid of racketeering, assault with a dangerous weapon in aid of racketeering, and attempted murder in aid of racketeering.  Because the substantive offense of Murder in Aid of Racketeering of the Infant Victim, charged as Count Nine of the Superseding Indictment, was dismissed on the government's motion pursuant to the written plea agreement, only the two remaining predicate offenses qualified as crimes of violence underlying the use of firearm counts: assault with a dangerous weapon and attempted murder.  Count Twenty-Two further charges that said use of a firearm caused the death of the infant victim, and specifies that the killing was murder, as defined in 18 U.S.C. § 1111, and manslaughter, as defined in 18 U.S.C. § 1112.  Manslaughter was not alleged as a crime of violence underlying the use of a firearm in either Count Twenty-Two or Twenty-Three.

With the correction of the erroneous reference to manslaughter as a predicate "crime of violence" underlying Count Twenty-Two, the first claim for relief asserts that counsel was ineffective for failing to move for dismissal of Counts Twenty-Two and Twenty-Three on the ground that the predicate offenses of assault with a dangerous weapon and attempted murder do not qualify as crimes of violence as defined under the force clause of § 924(c)(3).  Liberally construed, this claim appears colorable under 28 U.S.C. § 2255 and merits an answer by the government.

2.      The second claim for relief asserts that counsel rendered ineffective assistance at sentencing by failing to seek a more lenient sentence for the predicate offenses in light of the Supreme Court's holding in *Dean*, that sentencing courts may consider "a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense."  137 S. Ct. at 1178.  Liberally construed, this ineffective assistance of counsel claim appears colorable under § 2255 and merits an answer by the government.

3.      The third claim for relief asserts that the conviction on both Count Twenty-Two for use of a firearm during and in relation to a crime of violence causing death under § 924(j) and Count Twenty-Three for use of a firearm during and in relation to a crime of

violence under § 924(c) violated the Double Jeopardy clause, and that counsel failed to object to the multiple punishments for the same offense. As movant recognizes, the terms of imprisonment on Counts Twenty-Two (10 years-life) and Twenty-Three (25 years) ran concurrently with each other for a sentence of 300 months (25 years), but consecutive to all other counts. However, movant contends that the sentences for violating both § 924(j) and § 924(c) were not entirely concurrent because each conviction carries a mandatory special assessment, subjecting him to multiple punishments within the meaning of the Double Jeopardy clause. Mot. at 11 (citing *Ray v. United States*, 481 U.S. 736 (1987) (per curiam) (determining that although the district court imposed concurrent prison terms on three separate counts, the sentences were not concurrent because a $50 assessment was imposed on each of the counts of conviction)). Liberally construed, this claim for ineffective assistance of counsel for failure to raise a multiplicity challenge to the special assessment imposed in the sentence appears colorable under 28 U.S.C. § 2255 and merits an answer from the government. *See United States v. Quiroz-Gomez*, 2000 WL 125796 (9th Cir. Feb. 2, 2000) (unpublished) (remanding with directions to amend judgment by striking a concurrent sentence and conviction under statutory provision that did not create separate crime and to reduce the special assessment from $200 to $100).

   4. The fourth asserted ground for relief alleges that movant did not knowingly waive his rights to attack his illegal conviction on direct appeal or in a § 2255 motion, citing *Class v. United States*, 138 S. Ct. 798, 804-05 (2018), which held that "a guilty plea does not bar a claim on appeal 'where on the face of the record the court had no power to enter the conviction or impose the sentence,'" and *United States v. Torres*, 828 F. 3d 1113, 1125 (9th Cir. 2016), where the Ninth Circuit recognized that "an appeal waiver does not deprive a defendant of a constitutional ineffective assistance of counsel claim," nor does a waiver of appellate rights apply "if a defendant's sentence is 'illegal,' which includes a sentence that 'violates the Constitution.'" Movant also argues that his waiver of appellate and collateral challenge rights was not knowing because the grounds for

invalidating the residual clause of the § 924(c) "crime of violence" definition under *Johnson* and *Dimaya* was not explained by counsel; the holding of *Dean* that could serve as a basis for seeking appellate review of the sentence under the plain error standard of Rule 52(b) was not explained to movant; and the waiver of collateral attack on an illegal sentence on double jeopardy grounds was not discussed with movant. These allegations that the appeal waiver was not knowing and voluntary do not challenge the advice of counsel in accepting the plea offer or entering a guilty plea, and do not, therefore, allege a separate claim of ineffective assistance of counsel in the entry of the guilty plea or plea agreement.

This fourth ground for relief asserts, as a threshold matter, that movant's appeal waiver was not knowingly and voluntarily made on two grounds. First, under the holdings of *Class* and *Torres,* movant argues that there was no knowing waiver of his right to challenge an illegal sentence, either on direct appeal or by collateral attack. Movant's waiver argument under *Class* merits a response by the government, to the extent that the substantive claims for relief challenge the government's power to criminalize the admitted conduct, "do not contradict the terms of the indictment or the written plea agreement," and "are consistent with [movant's] knowing, voluntary, and intelligent admission that he did what the indictment alleged," such that those claims can be "resolved without any need to venture beyond that record." *Class,* 138 S. Ct. at 804.

Second, movant contends that the waiver of appellate rights and collateral attack rights was not knowing and voluntary because he was not aware of his appellate and collateral claims at the time of the waiver. "A waiver of appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Medina-Carrasco*, 815 F.3d 457, 461 (9th Cir. 2016) (citations and internal marks omitted). To determine whether an appeal waiver was knowingly and voluntarily made, the court must "look 'to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily.'" *United*

*States v. Lo*, 839 F.3d 777, 783–84 (9th Cir. 2016) (quoting *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996)). This requires the court to consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with Federal Rule of Criminal Procedure 11." *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000), *abrogated on other grounds by United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).

Under Ninth Circuit authority, the fact that a defendant "'did not realize the strength of his potential appellate claims at the time that he entered into the plea agreement' does not permit him to invalidate his knowing and voluntary waiver of appellate rights," and a valid waiver will be enforced "even if the claims that could have been made on appeal absent that waiver appear meritorious, because 'the whole point of a waiver . . . is the relinquishment of claims *regardless* of their merit.'" *Medina-Carrasco*, 815 F.3d at 462-63 (quoting *Nguyen*, 235 F.3d at 1184). To the extent that the fourth ground for relief otherwise alleges that the waivers of his right to appeal and right to file a collateral attack are not enforceable because they were not made knowingly and voluntarily, this argument warrants a response by the government. Because this challenge to validity of the waivers requires the court to ask "what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty," the government is directed to provide a transcript of movant's plea hearing. *Medina-Carrasco*, 815 F.3d 457, 461 (citing *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993)).

5. The fifth claim for relief asserts that counsel rendered ineffective assistance by failing to file a direct appeal on the grounds that (a) at sentencing, counsel neglected to seek consideration of the mandatory minimum sentence under § 924(c) in light of *Dean*; (b) the sentence for Counts Twenty-Two and Twenty-Three violated the Double Jeopardy Clause; and (c) the conviction and sentence on Counts Twenty-Two and Twenty-Three were unconstitutional in light of *Johnson* and *Dimaya*. This ineffective assistance of counsel claim presents a colorable claim for relief in light of *Garza v. Idaho,* 139 S. Ct. 738 (2019), and warrants a response by the government.

## CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1. Within 56 days of the date of this order, respondent shall file with the court and serve on movant (a) transcripts of the August 9, 2017, change of plea hearing and the March 6, 2018, sentencing hearing; and (b) an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside or correct the sentence" being served by movant on the grounds of ineffective assistance of counsel set forth in Claims 1, 2, 3, and 5, above.

2. If movant wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: April 3, 2019

PHYLLIS J. HAMILTON
United States District Judge