UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff/Respondent,<br>　v.<br>HOUSTON NATHANIEL, III,<br>　　　　Defendant/Movant. | Case No. 12-cr-00574-PJH-2<br><br>**ORDER GRANTING GOVERNMENT'S MOTION FOR LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE; GIVING NOTICE OF LIMITED WAIVER; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 471, 472 |

The government has filed an ex parte motion for an order finding limited waiver of the attorney-client privilege, permitting discovery, and staying the order requiring the government to respond to the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by defendant/movant Houston Nathaniel, III. Dkt. no. 471. Movant has filed a motion for appointment of counsel to represent him in the § 2255 proceedings. Dkt. no. 472.

**LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE**

Nathaniel's § 2255 motion asserts the following claims of ineffective assistance of counsel: Claim 1 for counsel's failure to move for dismissal of Counts Twenty-Two and Twenty-Three on the ground that the predicate offenses of assault with a dangerous weapon and attempted murder do not qualify as crimes of violence as defined under the force clause of 18 U.S.C. § 924(c)(3); Claim 2 for counsel's failure to seek a more lenient sentence for the predicate offenses in light of the Supreme Court's holding in *Dean v. United States*, 137 S. Ct. 1170, 1178 (2017), that sentencing courts may consider "a mandatory minimum under § 924(c) when calculating an appropriate sentence for the

1  predicate offense;" Claim 3 for counsel's failure to object to multiple punishments for the
2  same offense in violation of the Double Jeopardy Clause; and Claim 5 for counsel's
3  failure to file a direct appeal.  As the court recognized in the April 3, 2019, order to show
4  cause, the § 2255 motion also challenges the validity of the waivers of his right to appeal
5  and right to file a collateral attack, arguing that the waivers are not enforceable because
6  they were not made knowingly and voluntarily.

    The government asserts that without being permitted to inquire of defense counsel about movant's claims of ineffective assistance, particularly with regard to the allegation that defense counsel failed to file a direct appeal, the government would be unfairly disadvantaged and would not be able to fully respond to the claims.  Dkt. no. 471 at 3–4.  Accordingly, the government seeks a limited waiver of the attorney-client privilege so it can inquire and obtain discovery from defense counsel about whether there is any factual evidence supporting the claims movant makes and whether litigation strategy or attorney-client discussions impacted defense counsel's decisions whether to assert the arguments now raised in the § 2255 motion.  The government also seeks an order requiring defense counsel to provide the government with any correspondence, e-mails, notes, or other materials in counsel's possession that relate to the issues raised by movant's ineffective assistance of counsel claims in the § 2255 motion.  *Id.* at 2 and dkt. no. 471-1 (proposed order).  The court notes that the government has served movant with copies of the instant motion for waiver of the attorney-client privilege, as well as transcripts of movant's change of plea and sentencing hearings.

    The government correctly asserts that movant has waived his attorney-client privilege as to his communications with attorney James Thomson regarding the alleged constitutional deprivations that movant raises in conjunction with his ineffective assistance claims.  "In performing their constitutional duties, the federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his [attorney-client] privilege for the purposes of resolving the dispute."  *Bittaker v. Woodford,* 331 F.3d 715, 722 (9th Cir. 2003).  However, while the

waiver rule is "sensible and necessary" in practice, "if the federal courts were to require habeas petitioners to give up the privilege categorically and for all purposes, attorneys representing criminal defendants . . . would have to worry constantly about whether their case files and client conversations would someday fall into the hands of the prosecution." *Id.* at 722.

Thus, the Ninth Circuit has held that "[a] waiver that limits the use of privileged communications to adjudicating the ineffective assistance of counsel claim fully serves federal interests." *Id.* "At the same time, a narrow waiver rule - one limited to the rationale undergirding it - will best preserve the state's vital interest in safeguarding the attorney-client privilege in criminal cases, thereby ensuring that the state's criminal lawyers continue to represent their clients zealously." *Id.*

The court in *Bittaker* also determined that "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." *Id.* at 721.

Consistent with *Bittaker*, 331 F.3d at 728, the government also requests that the court issue a protective order precluding the government from (1) using the privileged materials for any purpose other than litigating movant's § 2255 motion, and (2) disclosing the privileged materials to any other persons, excluding other representatives of the United States Attorney's Office and law enforcement agencies assisting in the government's response to the § 2255 motion.

Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, the court finds good cause for the government to conduct discovery of privileged attorney-client communications subject to waiver of the attorney-client privilege as limited to the matters raised by his ineffective assistance of counsel claims. Any disclosure of confidential attorney-client communications in these proceedings will be subject to a protective order.

To afford movant an opportunity to preserve the privilege by withdrawing the claims and the government sufficient time to conduct limited discovery, the filing deadlines on the § 2255 motion previously set by the court are hereby vacated.

## NOTICE TO MOVANT HOUSTON NATHANIEL, III
## OF ATTORNEY-CLIENT PRIVILEGE WAIVER

Under the procedure recommended in *Bittaker*, **the court hereby NOTIFIES movant Houston Nathaniel, III, that he may file a notice that he wishes to preserve his attorney-client privilege by (1) abandoning his ineffective assistance of counsel claims and (2) withdrawing his Section 2255 motion to vacate, set aside or correct his sentence.** If movant chooses to preserve his attorney-client privilege by withdrawing his ineffective assistance of counsel claims, he must file a notice by **June 14, 2019**. If movant does not timely file such a notice, movant's attorney-client privilege will be deemed waived as to the matters raised in his § 2255 motion.

If movant does not withdraw his ineffective assistance of counsel claims, the government may file its opposition to the § 2255 motion by **August 16, 2019**. If movant wishes to respond to the opposition, he may file a reply with the court by **September 20, 2019,** after which date the matter will be submitted and decided on the papers.

## MOTION FOR APPOINTMENT OF COUNSEL

Movant seeks appointment of counsel on the grounds that he does not have a full understanding of the law to prepare a reply brief on his § 2255 motion and that legal assistance is needed. Dkt. no. 472. The Sixth Amendment's right to counsel does not apply in habeas actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." Generally, the decision to appoint counsel is within the district court's discretion. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The purpose of § 3006A is to provide appointed counsel whenever the failure to do so would amount to a denial of due process. *Id.* Accordingly, in determining whether to appoint counsel, the district court should weigh the ability of a pro se petitioner to present forcefully and coherently his contentions based on a good understanding of the issues. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). Where an evidentiary hearing must be held,

however, appointment of counsel is mandatory. *See Chaney*, 801 F.2d at 1196; *see also* Rule 8(c), Rules on Motion Attacking Sentence Under Section 2255.

The court finds here that the ineffective assistance claims raised by movant in the § 2255 motion are not complex. However, as the case progresses, if circumstances arise rendering an evidentiary hearing necessary, movant may renew his motion for appointment of counsel.

Accordingly, movant's request for appointment of counsel is DENIED.

**CONCLUSION**

For the reasons set forth above, the court GRANTS the government's motion for limited waiver of the attorney-client privilege to allow defense counsel to provide declarations and documents concerning defendant's claims that counsel was ineffective, DENIES movant's request for appointment of counsel, and ORDERS as follows:

1. that movant Nathaniel has waived the attorney-client privilege as to the allegations of ineffective assistance of counsel relating to attorney James Thomson in Mr. Nathaniel's § 2255 motion;

2. that the government is granted leave to inquire of and obtain declarations from attorney Thomson in the representation of Mr. Nathaniel in the above-captioned case, on the following subject areas; and that attorney Thomson is ordered to provide the government with any correspondence, e-mails, notes, or other materials in their possession that relate to any of the following subject areas:

    a. What, if any, discussion occurred between movant and attorney Thomson regarding bringing a direct appeal after conviction and entry of judgment against movant in the above-captioned case;

    b. What, if any, discussion occurred between movant and attorney Thomson regarding the following, and litigation strategy relating to the following:

        i. Whether to seek dismissal of Counts Twenty-Two and Twenty-

5

Three for violations of §§ 924(j)(1) and 924(c)(1)(A), respectively, arguing that the predicate offenses underlying these counts do not qualify as "crimes of violence" in light of *Johnson* and *Dimaya*;

    ii. Whether to seek a more lenient sentence by arguing that under *Dean* the sentencing courts may consider "a mandatory minimum under 924(c) when calculating an appropriate sentence for the predicate offense;" and

    iii. Whether to object as multiplicitous to pleas and convictions for both 924(j) and 924(c) charges.

3. that the government is precluded from using the privileged attorney-client information and material for any purpose other than litigating the instant § 2255 motion; and

4. that the government may not disclose these attorney-client materials to any other persons, excluding other representatives of the United States Attorney's Office or law enforcement agents who are assisting with the § 2255 motion.

**If Mr. Nathaniel decides to preserve his attorney-client privilege by withdrawing his ineffective assistance of counsel claims, he must file a notice withdrawing his § 2255 motion by June 14, 2019.** If movant does not timely withdraw the claims of ineffective assistance of counsel, the government may file an opposition by **August 16, 2019**. Movant may file a reply by **September 20, 2019**.

**IT IS SO ORDERED.**

Dated: May 20, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge