1

2

3

4     UNITED STATES DISTRICT COURT

5     NORTHERN DISTRICT OF CALIFORNIA

6

7     UNITED STATES OF AMERICA,
                                                    Case No. 12-cr-00574-PJH-2
8              Plaintiff/Respondent,

9        v.                                         **ORDER DENYING DEFENDANT'S
                                                    MOTION TO WITHDRAW ORDER
10    HOUSTON NATHANIEL, III,                       GRANTING GOVERNMENT'S EX
                                                    PARTE MOTION**
11             Defendant/Movant.
                                                    Re: Dkt. No. 475
12

13           Pursuant to the instructions set forth in the May 20, 2019, order granting the

14    government's motion for limited waiver of attorney-client privilege, dkt. no. 473, defendant

15    Houston Nathaniel, III ("movant") has filed notice that he wishes to maintain his

16    ineffective assistance of counsel claims raised in his § 2255 motion.  Dkt. no. 474.  Thus,

17    having been given an opportunity to withdraw the claims giving rise to a limited waiver of

18    the attorney-client privilege, movant has opted to pursue the ineffective assistance claims

19    rather than abandon them to preserve the confidentiality of his privileged

20    communications.

21           Movant has also filed a motion to oppose the government's ex parte motion for

22    limited waiver of attorney-client privilege, asking the court to withdraw the May 20, 2019,

23    order granting the government's ex parte motion.  Dkt. no. 475.  Movant asserts that he

24    did not instruct counsel to file a direct appeal, and that his ineffective assistance of

25    counsel claims are not supported by any allegation that counsel failed to honor movant's

26    wishes to file an appeal.  Rather, movant asserts that his ineffective assistance claim is

27    based on a reasonable expectation that competent counsel would have pursued a direct

28    appeal to assert the Double Jeopardy challenge and to preserve an argument in support

United States District Court
Northern District of California

1     of a lower sentence for the underlying predicate offenses in light of *Dean v. United*

2     *States,* 137 S. Ct. 1170 (2017). Movant contends that the government can fully respond

3     to the § 2255 claims from the evidence in the record, without inquiring into privileged

4     attorney-client communications. Dkt. no. 475 at 5.

5        As explained in the May 20, 2019, order granting the government's ex parte

6     motion for limited waiver of the attorney-client privilege, "claims of ineffective assistance

7     of counsel cannot be fairly litigated unless the petitioner waives his [attorney-client]

8     privilege for the purposes of resolving the dispute," with the waiver limited to adjudicating

9     the ineffective assistance of counsel claims. *Bittaker v. Woodford*, 331 F.3d 715, 722

10    (9th Cir. 2003) (en banc). This narrow waiver rule is based on the "fairness principle,"

11    which is "often expressed in terms of preventing a party from using the privilege as both a

12    shield and a sword." *Id.* at 719. Ninth Circuit authority recognizes that a "defendant

13    impliedly waives his attorney-client privilege the moment he files a habeas petition

14    alleging ineffective assistance of counsel." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th

15    Cir. 2012) (citing *Bittaker*, 331 F.3d at 716). By putting his attorney's failure to file an

16    appeal at issue, movant is not entitled to prevent inquiry into his attorney's performance

17    and deny the government a fair opportunity to respond to the ineffective assistance of

18    counsel claims by asking defense counsel about any discussions with movant about

19    bringing a direct appeal and other strategic decisions related to the claims raised in the

20    § 2255 motion. *See Bittaker*, 331 F.3d at 716 ("It has long been the rule in the federal

21    courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel,

22    he waives the attorney-client privilege as to all communications with his allegedly

23    ineffective lawyer."). Accordingly, movant's request for an order withdrawing the May 20,

24    2019, order granting the government's ex parte motion for limited waiver of the attorney-

25    client privilege is DENIED.

26        **IT IS SO ORDERED.**

27    Dated: June 17, 2019

                                 _____

28                               PHYLLIS J. HAMILTON
                                 United States District Judge