UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>HOUSTON NATHANIEL III,<br>Defendant. | Case No.12-cr-00574-PJH-2<br>**ORDER DENYING MOTION TO REOPEN FINAL JUDGMENT**<br>Re: Dkt. No. 615, 617, 627 |

In the above-captioned case, defendant has filed a pro se motion under Rule 60(b)(6) to reopen the final judgment of his section 2255 proceedings. See Dkt. 615. Defendant previously filed a section 2255 motion, which was denied on August 18, 2023. See Dkt. 562.

On February 12, 2025, defendant filed the present motion under Rule 60(b)(6), and on February 18, 2025, defendant filed a motion to appoint counsel. See Dkt. 615, 617.

1. Motion to appoint counsel

As an initial matter, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a prisoner seeking habeas relief under § 2255 whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." Generally, the decision to appoint counsel is within the district court's discretion. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). The purpose of section 3006A is to provide appointed counsel whenever the failure to do so would

amount to a denial of due process. Id. Accordingly, in determining whether to appoint counsel, the district court should weigh the ability of a pro se petitioner to present forcefully and coherently his contentions based on a good understanding of the issues. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Where an evidentiary hearing must be held, however, appointment of counsel is mandatory. See Chaney, 801 F.2d at 1196; see also Rule 8(c) of the Rules Governing Section 2255 Proceedings.

In view of the court's familiarity with defendant's case, having reviewed evidence brought in this case, having ruled on numerous pretrial motions brought by defendant and his co-defendants in this case, and having taken defendant's guilty plea, the court does not find that defendant is unable to articulate his claims pro se. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Therefore, the court determines that the interests of justice do not require appointment of counsel at this time. Moreover, as will be discussed below, defendant's current motion is procedurally barred as a "second or successive" petition, and thus would not be aided by the presence of counsel.

2.  Motion to reopen final judgment under Rule 60(b)(6)

Defendant states that his motion is "based on the Ninth Circuit's change in law in United States v. Elmore." See Dkt. 615 at 2 (citing Elmore, 118 F.4th 1193 (9th Cir. 2024). In Elmore, the Ninth Circuit adopted a "modified categorical approach" for determining whether a conviction under the Violent Crimes in Aid of Racketeering statute qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). Defendant argues that the Elmore decision creates "extraordinary circumstances and other compelling reasons for reopening" the 2255 proceedings. See Dkt. 615 at 3.

A federal prisoner who is "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" may file a § 2255 motion with the district court that imposed the sentence. 28 U.S.C. § 2255(a). "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011) (internal citations omitted). If the district court denies

the § 2255 petition, the petitioner may not bring a "second or successive" petition without first obtaining a certification from the court of appeals. See id.; 28 U.S.C. § 2255(h).

This circuit has recognized that "petitioners often attempt to characterize their motions in a way that will avoid" the certification requirement, including by "characteriz[ing] their pleading as being a motion under Rule 60(b) of the Federal Rules of Civil Procedure, which allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Washington, 653 F.3d at 1059.

Specifically, Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).

The Supreme Court has stated that, in most cases, determining whether a Rule 60(b) motion should be treated as a "second or successive" habeas petition will be "relatively simple." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). "A motion that seeks to add a new ground for relief" will "of course qualify" as a second or successive petition. Id.  In contrast, if the motion "attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings," then it will not be treated as a second or successive petition subject to the certification requirement.  Id. at 532-33.

If a district court determines that the motion is a second or successive § 2255 petition, the court lacks jurisdiction to hear the motion.  See Washington, 653 F.3d at 1065; see also United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

The arguments raised by defendant's motion do not allege a "defect in the integrity of the federal habeas proceedings."  Instead, defendant's motion raises a new claim based on a recently-decided Ninth Circuit opinion.  Thus, while styled as a Rule 60(b)

motion, defendant's filing is in substance a second or successive habeas petition under § 2255.  Accordingly, because defendant has not obtained a certification from the Ninth Circuit, the court lacks jurisdiction to consider the petition.  Defendant's motion (Dkt. 615) is thus DENIED.

As mentioned above, defendant's motion to appoint counsel (Dkt. 617) is denied, as is defendant's renewed motion to appoint counsel (Dkt. 627), filed after his reply brief.

**IT IS SO ORDERED.**

Dated:  May 27, 2025

                                                        /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge